IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LENNIN CONTRERAS on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> LARA'S TRUCKS, INC. A Georgia corporation, and FERNANDO LARA, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Lennin J. Contreras ("Contreras"), on behalf of himself and all others similarly situated, through his counsel, Stephen M. Katz, The Katz Law Group, and files his Complaint alleging as follows:

### NATURE OF THIS ACTION

1.

This is a collective action brought under The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") to recover unpaid overtime wages, liquidated damages, attorneys fees, and costs. Plaintiff alleges on behalf of himself and all

1

other current and former employees of Defendants, similarly situated to Contreras, in the State of Georgia, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. 216(b). (the "Collective Action Class"). In particular, it is the intent of this collective action to apply to all current/former "Office Employees" of Defendants in the State of Georgia, including secretaries and persons assisting customers with the financing of vehicle purchases, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. 216(b). (The "Collective Action Class").

## PARTIES

2.

Lennin Contreras, the named Plaintiff in this action, lives in the Northern District of Georgia.

3.

Defendant Lara's Trucks, Inc. ("Lara's Trucks") is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in metropolitan Atlanta, Georgia.

4.

Lara's Trucks can be served by delivering a copy of the summons and

2

complaint to its registered agent Flor Ramos at 4135 Buford Drive, Buford, Georgia 30518.

5.

Lara's Trucks is engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

6.

Lara's Trucks is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

7.

Defendant Fernando Lara ("Lara") lives in the Northern District of Georgia and serves as Lara's Trucks owner. Lara can be served by delivering a copy of the summons and Complaint to him at 4135 Buford Drive, Buford, Georgia 30518.

8.

Lara is involved in the day-to-day operations and has substantial operational control over Lara's Trucks, including, without limitation, the policies governing individuals employed in the same capacity as the named Plaintiff and the putative class of Plaintiffs.

9.

Lara exerts substantial control over Lara's Trucks in compliance with the Fair Labor Standards Act.

10.

Lara has the power to hire and fire employees, including, without limitation, individuals employed by Lara's Trucks in the same capacity as the named Plaintiff and putative class of Plaintiffs.

11.

Lara controls employee work schedules and conditions of employment including, without limitation, individuals employed by Lara's Trucks in the same capacity as the named Plaintiff and putative class of Plaintiffs.

12.

Lara determines the rate and method of payment for employees including, without limitation, individuals employed by Lara's Trucks in the same capacity as the named Plaintiff and putative class of Plaintiffs.

13.

At all times relevant to this action, Lara oversaw and had responsibility for maintaining employment records including, without limitation, employment

records of individuals employed by Lara's Trucks in the same capacity as the named Plaintiff and putative class of Plaintiffs.

14.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

15.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

16.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

17.

As employers engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

5

18.

Defendants, and each of them, were at all relevant times aware of the existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor Standards Act.

## Jurisdiction

19.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

## Venue

20.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

## FACTS

21.

Contreras is a former employee of Defendants.

22.

From June 2010 to June 2011, Contreras was employed by Defendants at Defendants' Buford, Georgia dealership located at The Mall of Georgia, 4135 Buford Road, Buford, Georgia 30518.

23.

From June 2011 to September 2011, Contreras was employed at Defendants' Chamblee, Georgia dealership.

24.

Based upon information and belief, Defendants have operated and continue to operate a total of at least two dealerships in the state of Georgia.

25.

Throughout Contreras' employment with Defendants, Contreras was employed as an "Office Employee" by Defendants. It is the intent of this collective action to apply to all of Defendants' current/former "Office Employees," including secretaries and persons assisting customers with financing vehicle purchases, from January 9, 2008 to the date of judgment in this action.

26.

Contreras' principal duties while working for Defendants were comprised of performing office duties connected with Defendants' business, including taking photographs of Defendants' inventory, i.e. vehicles for sale to customers, posting the photographs on Defendants' website, and maintaining Defendants' website and online inventory listings.

27.

Throughout Contreras' employment with Defendants, more than half of Contreras' compensation came from an hourly wage paid by Defendants.

28.

While employed by Defendants, Contreras consistently worked 60 hours, or more, per week. Contreras was never paid overtime compensation for hours worked in excess of 40 hours in any given work week.

29.

There are numerous "Office Employees," employed by Defendants, working in excess of 40 hours per week and paid an hourly rate, including secretaries and persons assisting customers with financing vehicle purchases.

30.

Contreras and the putative class members are similarly situated in terms of job duties, pay, and compensation.

31.

Contreras did not have discretionary authority in his position as an "Office Employee" for Defendants.

32.

Defendants deliberately failed to provide Contreras with overtime compensation for hours worked in excess of 40 in a workweek in 2010 and 2011.

### CLAIM FOR RELIEF

### Violation of 29 U.S.C. § 216(b)

### (FLSA)

33.

Contreras incorporates the allegations contained in paragraphs 1 through 32 of this Complaint as though the same were fully set forth at length herein.

34.

Defendants repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing individuals,

including Contreras, engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

35.

Contreras, as well as those similarly situated to him, were regularly compelled to work more than 40 hours per week but were/are not paid overtime compensation as required under the FLSA.

36.

Contreras, and those similarly situated to him, are not exempt employees under the FLSA; thus, Defendants were required to pay them overtime compensation for all hours worked each week in excess of 40.

37.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

38.

Defendants owe Contreras, and those similarly situated to him, overtime pay for work performed but not compensated in an amount to be determined in

this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

## Count II

39.

Contreras incorporates the allegations contained in paragraphs 1 through 38 of this Complaint as though the same were fully set forth at length herein.

40.

Within the preceding four years, Defendants, employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

41.

Contreras and those similarly situated to him are entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to the violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

Within the preceding four years, Defendants, employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

41.

Contreras and those similarly situated to him are entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to the violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE**, Plaintiff demands relief as follows:

1. That process issue and that Defendants be served according to law;

2. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Action Members as an FLSA Opt-In Class, apprising them of the pendency of the claims asserted in this action under Section 216(b) of the

FLSA, permitting them to assert timely Section 216(b) FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Contreras and his counsel to represent the Collective Action Members and tolling of the statue of limitations;

3. An Order finding that Defendants violated Section 215(a)(2) and 216(b) of the FLSA;

4. Judgment in favor of Contreras and all those similarly situated to him and against Defendants, jointly and severally, for unpaid overtime compensation together with double damages;

5. Pursuant to Section 216(b) of the Act, judgment in favor of Contreras and those similarly situated to him and against Defendants, jointly and severally, for reasonable attorneys fees;

6. Judgment in favor of Contreras and those similarly situated to him and against the Defendants, jointly and severally, for prejudgment interest;

7. Judgment in favor of Contreras and those similarly situated to him and against the Defendants, jointly and severally, for all taxable and non-taxable costs;

8. Pursuant to the Seventh Amendment to the United States

Constitution and Rule 38, F. R. Civ. P., **TRIAL BY JURY** on all claims on which a jury trial is available;

9. Such other, further and different relief as this Court deems appropriate.

This 10th day of January, 2012.

By: /s/ **Stephen M Katz**
Stephen M. Katz
Ga. Bar No. 409065

By: /s/ **V. Severin Roberts**
V. Severin Roberts
Ga. Bar No. 940504
Attorneys for Plaintiffs



THE KATZ LAW GROUP LLC
4799 Olde Towne Parkway
Marietta, Georgia 30068-4350
Telephone:  770. 988.8181
Facsimile:   770. 988.8182
E-Mail: smkatz@smk-law.com