IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LENNIN CONTRERAS
on behalf of himself and all others
similarly situated,

   Plaintiff,

     v.

LARA'S TRUCKS, INC.
a Georgia corporation, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-85-TWT

ORDER

This is an action for overtime wages under the Fair Labor Standards Act. It is before the Court on the Defendants' Motion for Summary Judgment [Doc. 26]. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the Defendants' Motion for Summary Judgment, and Plaintiff Luis Molina's claims are DISMISSED WITHOUT PREJUDICE.

I. <u>Background</u>

The Plaintiff, Lennin Contreras, worked for the Defendants, Lara's Trucks, Inc. and Fernando Lara, from June 2010 to September 2011. (Contreras Decl. ¶ 2.) Contreras worked in the Defendants' internet department. (<u>Id.</u>) Contreras consistently

worked sixty hours or more per week. (Contreras Decl. ¶ 4.) Nonetheless, he was paid the same hourly wage for all hours worked; he did not receive a higher wage for hours exceeding 40 hours per week. (Contreras Decl. ¶¶ 2, 5.)

Contreras states that his primary job duties were to take pictures of the Defendants' inventory and post vehicle listings on the Defendants' website. (Contreras Decl. ¶ 7.) Contreras spent 60-70 percent of his work hours taking pictures of the Defendants' inventory and posting and updating the pictures and vehicle descriptions on the Defendants' website. (Contreras Decl. ¶ 8.) Fernando Lara told Contreras on multiple occasions that Contreras' job was to keep the photos and inventory listings up to date and that he did not want Contreras to spend time with the customers. (Contreras Decl. ¶ 7.) Fernando Lara told Contreras that he was not permitted to negotiate prices of vehicles with customers when they called about internet listings and that Contreras should forward the customers to the Defendants' car salesmen. (Contreras Decl. ¶ 11.) On one or two instances, after January 1, 2011, when Lara's Trucks was very busy, Fernando Lara instructed Contreras to help the salespersons; apart from these instances, Contreras did not make sales or obtain contracts or orders of any kind from customers for the sale of automobiles. (Contreras Decl. ¶ 6.) Contreras followed strict guidelines when taking and uploading pictures of the vehicles, and when describing the vehicles, and exercised minimal, if any,

discretion. (Contreras Decl. ¶¶ 9-10.)

From June 2010 to early January 2011, Contreras was paid solely with an hourly wage. The hourly rate started at $8 and was increased to $9 in October 2010 and $10 in December 2010. (Contreras Decl. ¶ 2.) From approximately January 13, 2011 to September 2011, Contreras was paid an hourly wage of $10 and a commission on 42 vehicles that were sold by the Defendants. (Contreras Decl. ¶ 5.) During this period, Contreras' total compensation consisted of approximately $16,330 in hourly wages and $2,100 in commissions paid on vehicles sold by the Defendants. (Id.) Eighty-nine percent of Contreras' pay during this period came from his hourly wage.

Contreras filed the Complaint in this Court on January 10, 2012 [Doc. 1]. Contreras claims that the Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") by failing to pay him overtime wages, and seeks to recover unpaid overtime wages, liquidated damages, attorney's fees, and costs. (Compl.) Luis Molina filed his consent to be a Party Plaintiff on February 29, 2012 [Doc. 9]. The Defendants filed this Motion for Summary Judgment on August 2, 2012 [Doc. 26].

## II. Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

III. Discussion

A. Overtime Wages

The FLSA generally requires employers to compensate employees one and one-half times the regular rate of pay for all work performed in excess of 40 hours per week. 29 U.S.C. § 207(a); Birdwell v. City of Gadsden, Ala., 970 F.2d 802 (11th Cir. 1992). An exception to this rule is found in 29 U.S.C. § 213(b)(10)(A) which provides that the overtime requirements of the FLSA do not apply to "any salesman...primarily engaged in selling...automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." Id. "An automobile salesman is 'an employee who is employed for the purpose of and is primarily engaged in making sales or obtaining orders or contracts for sale of the

vehicles.'" Williams v. Gold Car Lending, Inc., No. 4:09-CV-84, 2010 U.S. Dist. LEXIS 131571, at *15-*16 (M.D. Ga. 2010), quoting 29 C.F.R. § 779.372(c)(1). A "'sale'...includes any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition." 29 U.S.C. § 203(k). The Defendants base their Motion for Summary Judgment on this so-called "automobile salesman exception" to the FLSA overtime requirement. The exception is "to be construed narrowly, and the employer shoulders the burden of establishing that it is entitled to an exemption." Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1156 (11th Cir. 2008).

To determine whether an employee is an exempt employee under the salesman exception requires a "necessarily fact-intensive...primary duty inquiry," which examines the "actual day-to-day job activities" of the employee, and "not the labels the Plaintiffs or the Defendant[s] place on those duties." Morgan v. Family Dollar Stores, 551 F.3d 1233, 1269 (11th Cir. 2008); Mutch v. PGA Tour, Inc., No. 3:04-CV-97, 2006 U.S. Dist. LEXIS 98630, at *10-*11 (M.D. Fla. 2006). For an automobile salesman to be primarily engaged in sales work, "over 50 percent of the salesman's...time must be spent in selling...vehicles." 29 C.F.R. § 779.372(d). "[P]romotion work that is 'performed incidental to and in conjunction with an employee's own outside sales or solicitations is exempt work,' whereas promotion

work that is 'incidental to sales made, or to be made, by someone else is not.'" Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2158 (2012), quoting 29 C.F.R. § 541.503(a).

The Defendants have not met their burden of demonstrating that as a matter of law Contreras primarily engaged in selling automobiles. Viewed in the light most favorable to the Plaintiff, the facts are that Contreras spent the majority of his time taking pictures of vehicles and posting the pictures to the website, and updating the vehicle descriptions on the website. These actions could be construed as promotion work incidental to sales made by someone else, i.e., salesmen at Lara's Trucks that interact with customers. On only one or two occasions, Contreras interacted with customers or negotiated prices, so he was rarely present when the sale was made. The Plaintiff's statement that "a lot of cars got sold because of my job" is inconsequential. As stated above, the label that the parties place on the employee's duties does not alter the analysis of what those duties were; the primary duty inquiry is still required. Mutch, 2006 U.S. Dist. LEXIS 98630, at *10-*11. There is a genuine issue of material fact regarding Contreras' primary duty for Lara's Trucks, and thus the Defendants cannot prove an affirmative defense to the FLSA's overtime requirement, and their Motion for Summary Judgment on this issue is denied.

    B.    <u>The FLSA's Record Keeping Requirement</u>

Count II of the Plaintiff's Complaint pleads a violation of the FLSA's record keeping requirement. 29 U.S.C. § 211(c). The statute imposes the duty upon employers to keep records of "persons employed" and the "wages, hours, and other conditions and practices of employment." Id. Where the employer fails to keep such records, the court applies a burden shifting analysis to determine hours worked. In the first instance, an employee proves that work has been performed by producing evidence of the amount and extent of hours worked, by "just and reasonable inference." Chao v. Vidtape, Inc., 196 F. Supp. 2d 281, 293 (E.D.N.Y. 2002), *aff'd mem.*, Chao v. Vidtape, Inc., 2003 WL 21243085 (2d Cir. 2003), quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946). The burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Id. In the event that the employer fails to sustain this burden, the court may award damages to the employee, even if those damages are "only approximate." Id.

If the Plaintiff intends to assert a violation of the FLSA's record keeping requirement as a separate cause of action, this claim fails because there is no private right of action to enforce this provision. Rossi v. Associated Limousine Serv., Inc., 438 F. Supp. 2d 1354, 1366 (S.D. Fla. 2006); Elwell v. University Hospitals Home

Care Services, 276 F.3d 832, 843 (6th Cir. 2002).

   C.   Similarly Situated Plaintiffs

A collective action under the FLSA "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). Unlike class actions under Rule 23, a collective action under the FLSA requires individuals to opt-in to the action instead of opting out. Shabazz v. Asurion Ins. Serv., No. 3:07-0653, 2008 WL 1730318, at *2 (M.D. Tenn. 2008), citing Douglas v. GE Energy Reuter Stokes, No. 1:07-CV-77, 2007 WL 1341779, at *2 (N.D. Ohio 2007).

Courts typically employ a two-step process to determine whether employees are similarly situated so that collective action is proper. The process is:

> The first step is conducted early in the litigation process, when the court has minimal evidence and consists of a preliminary inquiry into whether the plaintiff's proposed class consists of similarly situated employees who were collectively 'the victims of a single decision, policy, or plan[.]' If the plaintiff meets this lenient standard, the court grants only conditional certification for the purpose of notice and discovery.
>
> The second step of this process is usually conducted after merits discovery has occurred, and consists of a specific factual analysis of each employee's claim to ensure that each proposed plaintiff is an appropriate member of the collective action. At this second stage, the court will again make a certification decision based on the "similarly situated"

standard, but will require a higher level of proof than was necessary at the first stage for conditional certification. If the conditional group of plaintiffs does not meet this standard at the second stage, the group is then decertified, the opt-in plaintiffs are dismissed without prejudice and any remaining plaintiffs are permitted to move onto the trial stage of litigation.

Shabazz, 2008 WL 1730318, at *2, quoting Lugo v. Farmer's Pride Inc., No. 07-CV-749, 2008 WL 638237, at *3 (E.D. Pa. 2008); see generally Morgan, 551 F.3d at 1260-1262.

Discovery has closed, and the Court now evaluates whether Luis Molina, the lone Plaintiff who filed a "Consent to be a Party Plaintiff," is "similarly situated" to Lennin Contreras. After filing his Consent to be a Party Plaintiff, the Court has not seen any evidence from Luis Molina. Molina has not filed an affidavit. Molina's Consent to be a Party Plaintiff contains statements that tend to show that he is not similarly situated to Lennin Contreras, including his statement that "During the last three years, I also worked for Defendants as a 'Car Salesman,' in which capacity Defendants failed to pay me minimum wage for all hours that I worked in given pay periods." (Molina's Consent to be a Party Plaintiff, at ¶ 6.) Contreras denies that he worked as a salesman, and Contreras does not complain that the Defendants failed to pay him the minimum wage. As previously mentioned, the parties' own labels are inconsequential, but Molina has not provided the Court with sufficient information to

begin a primary duty inquiry. "[T]he burden is on the plaintiffs to make an evidentiary showing that they and the proposed class are similarly situated, not on the defendants to disprove such similarity." Reed v. Mobile Cnty. Sch. Sys., 246 F. Supp. 2d 1227, 1232 (S.D. Ala. 2003). The Plaintiff does not oppose the Motion for Summary Judgment as to Luis Molina. The Plaintiff does not produce sufficient evidence to establish a collective action under § 216(b), and Molina is therefore dismissed without prejudice.

D. Damages

Subject to a factual finding in his favor, Contreras is eligible for damages. These include compensatory damages, which would be calculated at a rate of one half of Contreras' hourly rate (as he has already received his typical hourly rate for work exceeding 40 hours per week) times the number of hours Contreras worked overtime, and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). However, the Court has the power to exercise its discretion in the matter of liquidated damages by virtue of 29 U.S.C. § 260, which makes allowances for an employer who shows to the Court that his actions were in good faith and that he had reasonable grounds to believe that those actions did not violate the FLSA. Id.; Morgan, 551 F.3d at 1282. The Court will not make any determination on liquidated damages at this time. Upon a finding that the Defendants violated the FLSA in failing to pay Contreras overtime

pay, the Defendants would also be required to pay, in addition to the overtime compensation due, a reasonable attorney's fee and the costs of the action. 29 U.S.C. § 216(b).

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Defendants' Motion for Summary Judgment [Doc. 26]. Plaintiff Luis Molina's claims are DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this 11 day of January, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge